UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROOSEVELT HOLMES                                    CIVIL ACTION

VERSUS                                              NUMBER: 08-3948

ORLEANS PARISH CRIMINAL                             SECTION: "R"(6)
DISTRICT COURT, ET AL

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(A), presently before the court is the 28 U.S.C. § 2254 application for federal habeas corpus relief of petitioner, Roosevelt Holmes. Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that petitioner's habeas application be dismissed with prejudice as untimely.

## PROCEDURAL HISTORY[1]

Petitioner Holmes is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. In Orleans Parish Criminal District Court case number

---

[1] A portion of the procedural history is taken from the Louisiana Fourth Circuit's unpublished opinion, *State v. Holmes*, 793 So.2d 572 (Table), No. 1999-KA-2232 c/w 2000-KA-0516 (La. App. April 11, 2001). A copy of the Fourth Circuit's unpublished opinion is contained in the State rec., vol. 2 of 6.

402-512 "I", petitioner, on October 23, 1998, was charged by bill of information with attempted aggravated rape and aggravated burglary. On October 28, 1998, petitioner was arraigned and pled not guilty. On December 3, 1998, a twelve-member jury found petitioner guilty as charged. On May 28, 1999, petitioner was sentenced to fifty years at hard labor without the benefit of parole, probation, or suspension of sentence on the rape charge, and thirty years at hard labor without benefit of parole, probation or suspension of sentence on the burglary charge. The sentences were ordered to be served concurrently. Thereafter, the State filed a multiple bill on the rape charge. The court found petitioner to be a fourth felony offender, vacated the original sentence and resentenced petitioner as a fourth felony offender to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

On October 28, 1998, in Orleans Parish Criminal District Court case number 402-613 "I", petitioner was charged with purse snatching. On November 5, 1998, petitioner was arraigned and pled not guilty. On February 4, 1999, petitioner changed his plea to guilty. On May 28, 1999, at the same hearing discussed above, petitioner was sentenced to twenty years at hard labor without benefit of parole, probation or suspension of sentence, with the sentence to run consecutively to the sentence in the rape case. Thereafter, the State filed a multiple bill. The trial court found petitioner to be a fourth felony offender, vacated his original sentence and re-sentenced him to life imprisonment at hard labor without benefit of

parole, probation or suspension of sentence, with the sentence to be served consecutive to the above life sentence.

The record in the former case was filed with the Louisiana Fourth Circuit Court of Appeal on September 2, 1999, and the record in the latter case was filed with the state appellate court on March 2, 2000. The cases were subsequently consolidated. On April 11, 2001, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's convictions and sentences. *State v. Holmes*, 793 So.2d 572 (Table), No. 1999-KA-2232 c/w 2000-KA-0516 (La. App. 4 Cir. 2001). On March 28, 2002, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his convictions and sentences final. *State v. Holmes*, 812 So.2d 646, No. 2001-K-1378 (La. 2002).

On March 26, 2003, petitioner filed a *pro se* application for post-conviction relief with the state district court.[2] On May 31, 2007, the district court issued a Judgment denying petitioner post-conviction relief.[3] On August 10, 2007, petitioner, through counsel, filed an untimely writ application with the Louisiana Fourth Circuit Court of Appeal[4] seeking relief

---

[2] A copy of petitioner's post-conviction writ application is contained in the State rec., vol. 1 of 6.

[3] A copy of the district court's May 31, 2007 Judgment is attached to petitioner's federal habeas application (rec. doc. 4).

[4] A copy of petitioner's writ application, *State v. Holmes*, No. 2007-K-1011, is contained in the State rec., vol. 4 of 6.

in connection with the state district court's May 31, 2007 adverse decision.[5] The state appellate court, on September 24, 2007, denied petitioner's writ application. *State v. Holmes*, No. 2007-K-1011 (La. App. 4 Cir. Sept. 24, 2007) (unpublished opinion).[6] On October 26, 2007, counsel filed on petitioner's behalf an untimely[7] writ application with the Louisiana Supreme Court seeking relief from the state appellate court's September 24, 2007 adverse opinion.[8] The Louisiana Supreme Court denied petitioner's writ application on June 20, 2008. *State v. Holmes*, 983 So.2d 1270, No. 2007-KP-2101 (La. 2008).

On July 17, 2008, petitioner filed the instant federal habeas corpus application (rec. doc. 4). In its response (rec. doc. 17), the State argues that the instant action is time-barred. For the following reasons, the court agrees.

## **ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or

---

[5] Petitioner had thirty (30) days from the issuance of the state district court's order to file for review in the Louisiana Fourth Circuit. La. App. Rule 4-3.

[6] A copy of the Louisiana Fourth Circuit's unpublished opinion is contained in the State rec., vol. 4 of 6.

[7] Petitioner had thirty (30) days from the issuance of the appellate court's order to file a writ application with the Louisiana Supreme Court. La. S. Ct. Rule X § 5(a).

[8] A copy of petitioner's writ application, *State v. Holmes*, No. 2007-KP-2101, is contained in the State rec., vol. 4 of 6.

the expiration of his time for seeking review.[9]   *See* 28 U.S.C. § 2244(d)(1) (West 2009), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220.  Petitioner's time for seeking review did not expire until June 26, 2002, 90 days following his March 28, 2002 final state court judgment, when his time for filing a petition for a writ of certiorari with the United States Supreme Court expired.  *See* Sup.Ct.R. 13(1); *see also Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 77 (2000).  Thus, petitioner had a year from June 26, 2002, until June 26, 2003, to timely seek federal habeas corpus relief.

As stated earlier, petitioner filed the instant action on July 17, 2008, over five (5) years after his June 26, 2003 deadline.  Thus, petitioner's federal habeas corpus application is subject to dismissal as untimely, unless the one-year statute of limitations period was interrupted as set forth in 28 U.S.C. § 2244(d)(2).  Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  By its plain language, this provision does *not* create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state post-conviction proceedings.  *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998).  The Supreme Court has clearly described this provision as a tolling

---

[9]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  *Lindh v. Murphy*, 521 U.S. 320 (1997).

statute.  *Duncan v. Walker*, 533 U.S. 167, 175-178 (2001).

The decisions of the Fifth Circuit and other federal courts cited herein have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

*Flanagan*, 154 F.3d at 199 n.1; *accord Brisbane v. Beshears*, 161 F.3d 1, 1998 WL 609926, *1 (4th Cir. 1998); *Gray v. Waters*, 26 F.Supp.2d 771, 771-772 (D.Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); *Williams v. Cain*, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999)).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-220 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

As noted above, the one-year AEDPA limitations period began to run in petitioner's case on June 26, 2002. The limitation period ran uninterrupted for 272 days, until March 26, 2003, when petitioner signed his *pro se* writ application seeking post-conviction relief from the state district court.[10] The application remained pending until June 30, 2007, which was thirty (30) days after the state trial court denied relief and no further timely review was available.

The AEDPA statute of limitations ran for an additional forty (40) days, from July 1, 2007, to August 10, 2007, when counsel filed on petitioner's behalf a writ application to the Louisiana Fourth Circuit Court of Appeal. The writ application tolled the AEDPA period until October 24, 2007, which was 30 days after the state appellate court ruled. The AEDPA limitations period began to run again on October 25, 2007, and did so for fifty-three (53) days, until December 16, 2007, when it expired. Petitioner did not file the instant federal habeas petition until seven (7) months later, on July 17, 2008, and he had no properly filed state post-conviction or other collateral review proceedings pending which would have tolled prescription.

As discussed above, counsel submitted on petitioner's behalf a writ application to the Louisiana Supreme Court on October 26, 2007. That filing, however, was untimely under

---

[10]As provided under *Causey v. Cain*, 450 F.3d 601, 604-607 (5th Cir. 2006), the date a *pro se* petitioner signs his state court pleading is considered to be the filing date of said pleading for purposes of determining the timeliness of his federal habeas application.

Louisiana Supreme Court Rule X, Section 5(a) because it was filed more than 30 days after the Louisiana Fifth Circuit ruled on petitioner's writ application.  *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. June 25, 2008).  Under federal habeas law, this untimely filing *cannot* be considered in the tolling calculation.  (Louisiana Supreme Court Rule X, Section 5(a) forbids any extension of time); *Williams v. Cain*, 217 F.3d at 309-311 (same); *McGee v. Cain*, 104 Fed. Appx. 989, 991 (5th Cir. 2004) (same).  Accordingly, petitioner's federal habeas application is time-barred absent a basis for equitable tolling.

Equitable tolling is justified only in "'rare and exceptional circumstances.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164, *quoting Davis v. Johnson*, 158 F.3d 806 (5th Cir 1998), *cert. denied*, 526 U.S. 1074 (1999).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000), *citing Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).  The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of § 2254 relief.  *Coleman*, 184 F.3d at 403.

Petitioner has not asserted any reason that might constitute rare or exceptional circumstances why the applicable statute of limitations should be considered equitably tolled, and the court's review of the record reveals none that might fit the restrictive boundaries of

"exceptional circumstances" described in recent decisions. *See Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001) (tolling not justified during petitioner's seventeen (17) day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 300 (5th Cir. 1998) (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis v. Johnson*, 158 F.3d 806, 808 n.2 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999) (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period). Accordingly;

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Roosevelt Holmes be dismissed with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object.  28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[11]

New Orleans, Louisiana, this __17th__ day of _____February_____, 2010.

                                                                   *[signature]*
                                                                   LOUIS MOORE, JR.
                                                                   United States Magistrate Judge

---

[11] *Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.