UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROOSEVELT HOLMES | CIVIL ACTION |
| VERSUS | NO: 08-3948 |
| ORLEANS PARISH CRIMINAL COURT, ET AL. | SECTION: R |

## ORDER

Before the Court are Roosevelt Holmes's Petition for a Writ of Habeas Corpus (R. Doc. 4) and his objections (R. Doc. 23) to the Magistrate Judge's Report and Recommendation that the petition be denied with prejudice as untimely (R. Doc. 23). The Court, having reviewed *de novo* the petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the petitioner's objections thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Holmes's objection to the Report consists of a statement that, if his petition actually was untimely, it was not his fault. He provides no further explanation of his failure to timely file his petition. Such an objection is plainly insufficient. In addition, he asks for additional time "to clear up the matter." As Holmes's petition is untimely and he has provided no reason why the limitations period should be tolled, further time will be of no assistance.

Furthermore, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[1] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[2] In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"[3] With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial

---

[1] RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).

[2] 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).

[3] 537 U.S. at 336.

of a constitutional right."[4]

Here, Holmes did not file his federal habeas petition until, after accounting for tolling bases on state-court collateral proceedings, the limitations period had expired. He has not demonstrated otherwise, and he has not provided the Court with any reason why the limitations period should be equitably tolled. Jurists of reason would not find controversy in this determination.

Accordingly,

Roosevelt Holmes's petition for a writ of habeas corpus is DISMISSED WITH PREJUDICE as untimely. The Court will not issue a certificate of appealability.

**New Orleans, Louisiana, this  21st   day of May, 2010.**

_____
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

---

[4] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).